UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

NEW YORK STATE TEAMSTERS COUNCIL
HEALTH & HOSPITAL FUND, by its Trustees,
John Bulgaro, Daniel W. Schmidt, Michael S. Scalzo, Sr.,
Mark Gladfelter, Bob Schaeffer, Brian Hammond,
Mark May and Paul Markwitz,

          Plaintiffs,  **COMPLAINT**
   -vs-
                  5:19-cv-182 (MAD/ATB)

KNIGHT SETTLEMENT SAND & GRAVEL, LLC,

          Defendant.

The Plaintiffs, New York State Teamsters Council Health & Hospital Fund and its Board of Trustees ("Health Fund"), by its attorneys, Paravati, Karl, Green & DeBella, LLP, complaining of the Defendant herein, respectfully allege and state that:

<u>JURISDICTION AND VENUE</u>

1. The instant action arises under the Employee Retirement Income Security Act of 1974, as amended (hereinafter referred to as "ERISA"), 29 U.S.C. §1001 <u>et</u> <u>seq</u>., and the Labor Management Relations Act (hereinafter referred to as "LMRA"), 29 U.S.C. §181 <u>et</u> <u>seq</u>., as hereinafter more fully appears.

2. Jurisdiction is conferred upon this Court by 29 U.S.C. §1132(a),(e)(1) and 29 U.S.C. §185.

3. Venue properly lies in the United States District Court for the Northern District of New York ("Northern District") pursuant to 29 U.S.C. §1132(e)(2) since the Health Fund is located and administered within the Northern District of New York.

4. Venue also lies in this judicial district pursuant to the parties contractual agreement and the rules of the Health Fund that an action of this type shall be brought in the Northern District.

## PARTIES

5. The Health Fund is an employee benefit fund which was created and exists pursuant to an Agreement and Declaration of Trust ("Trust Agreement") entered into between participating employers and union locals affiliated with the International Brotherhood of Teamsters ("Teamsters") and is a multi-employer plan ("Plan") as defined in 29 U.S.C. §1002(37)(A).

6. The Health Fund has its offices at, and is administered from, 151 Northern Concourse, Syracuse, New York 13212.

7. John Bulgaro, Daniel W. Schmidt, Michael S. Scalzo, Sr., Mark Gladfelter, Bob Schaeffer, Brian Hammond, Mark May and Paul Markwitz are individual trustees of the Health Fund ("Trustees") and are "fiduciaries" as defined in 29 U.S.C. §1002(21).

8. Upon information and belief, and at all times relevant hereto, Knight Settlement Sand & Gravel, LLC, (hereinafter referred to as "Knight") is a domestic limited liability company with offices at 7291 Knight Settlement Road, Bath, New York 14810 and is an "employer" as defined in 29 U.S.C. §1002(5).

9. As a condition precedent to participating in the Health Fund Plan, employers must execute a collective bargaining agreement with the Teamsters and a participation agreement with the Health Fund which require the employer to make employee benefit contributions to the Plan

for all of its covered employees.  The participation agreement is one of the Plan documents that sets forth the terms and conditions by which the employer must contribute to the Health Fund.

10. Upon information and belief, at all times relevant hereto, Knight was a participating employer in the Health Fund and signatory to both a participation agreement with the Health Fund and a collective bargaining agreement with Teamsters Local 529 ("Agreements").

11. As a participating employer, Knight is also bound by the terms of the Trust Agreement, Agreements, Plan and Plan documents as well as the rules and regulations adopted by the Trustees.

## **FIRST COUNT**

12. Plaintiffs repeat, reallege and incorporate herein all of the allegations contained in paragraphs "1" through "11," inclusive.

13. Pursuant to the provisions of the Agreements and Plan documents, Knight herein agreed to make certain benefit contributions to the Health Fund on behalf of all of its covered employees; further, and pursuant to 29 U.S.C. §1145, Knight is required to contribute to the Health Fund in accordance with the terms and conditions of the aforesaid Agreements and/or Plan documents.  In the event Knight does not fully comply with the terms of aforesaid Agreements and/or Plan documents, and contributions are not properly made, Knight is liable for all contribution delinquencies and liquidated damages, along with interest, costs, and reasonable attorneys' fees.

14. Knight has failed to comply with the terms of said Agreements and/or Plan documents by failing to timely remit full employee benefit contributions on behalf of all of its eligible and appropriate employees in the amount of $92,790.14 as of January 31, 2019.

15. On numerous and repeated occasions, the Health Fund notified Knight of its failure to remit the required employee benefit contributions, and made demands for payment of same.

16. However, despite these demands, Knight has failed, refused and/or neglected to pay the full outstanding amount of delinquent employee benefit contributions and liquidated damages due the Health Fund.

17. Knight's failure and refusal to pay the delinquent contributions and liquidated damages is in violation of ERISA, 29 U.S.C. § 1145, as well as the Agreements and/or Plan documents. As such, Knight is liable to the Health Fund in the amount of $92,790.14 for delinquent employee benefit contributions and liquidated damages due and owing as of January 31, 2019, along with interest, costs and attorneys' fees under ERISA, 29 U.S.C. §1132(g)(2), the Plan, Plan documents and/or agreements to which Knight was a party.

## SECOND COUNT

18. Plaintiffs repeat, reallege and incorporate herein all of the allegations contained in paragraphs "1" through "17," inclusive.

19. In regard to the aforesaid delinquent employee benefit contributions, federal law mandates that the Health Fund be awarded additional compensatory relief. Pursuant to 29 U.S.C. §1132(g)(2), the Health Fund shall be awarded, in addition to the unpaid contributions and liquidated damages, interest on the unpaid contributions, the greater of liquidated damages or an additional interest award, reasonable attorneys' fees and costs.

20. Since the instant action was commenced by the Health Fund to enforce the terms of the Agreements and/or Plan pursuant to ERISA, in the event judgment is awarded in favor of the Health Fund, and pursuant to 29 U.S.C. §1132(g)(2), the Health Fund requests from Knight the unpaid delinquent employee benefit contributions and liquidated damages in the amount of $92,790.14 due and owing as of January 31, 2019; interest at the rate set by the Health Fund; an

additional award of the greater of interest or liquidated damages as established by the participation agreement and Plan; reasonable attorneys' fees; and costs.

WHEREFORE, Plaintiffs demand judgment against Knight as follows:

A. The sum of $92,790.14 due the Health Fund for delinquent employee benefit contributions and liquidated damages as of January 31, 2019.

B. Additional delinquent employee benefit contributions and liquidated damages due after January 31, 2019.

C. Interest on the delinquent employee benefit contributions in accordance with 29 U.S.C. §1132(g)(2)(B).

D. An additional award of the greater of interest or liquidated damages in accordance with 29 U.S.C. §1132(g)(2)(C).

E. Costs and reasonable attorneys' fees in accordance with 29 U.S.C. §1132(g)(2)(D).

F. Such other and further relief as to this Court may seem just and proper.

Dated: February 8, 2019
       Utica, New York

**PARAVATI, KARL, GREEN & DEBELLA, LLP**

By: /s/ Vincent M. DeBella
    Vincent M. DeBella, Esq. (101465)
    Gerald J. Green, Esq. (101850)
    Attorneys for Plaintiffs
    **OFFICE & P.O. ADDRESS**
    520 Seneca Street, Suite 105
    Utica, New York 13502
    Phone: (315) 735-6481
    Fax: (315) 735-6406
    E-mail: vdebella@pkgdlaw.com
    E-mail: gjgreen15@yahoo.com